# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JOSE LUIS CORDERO,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CASE NO. 3:16-cv-943 (VLB)** |
| | : | |
| **SCOTT SEMPLE, et al.,** | : | |
| **Defendants.** | : | |

## <u>INITIAL REVIEW ORDER</u>

The plaintiff, Jose Luis Cordero, currently incarcerated at the Cheshire Correctional Institution in Cheshire, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983 (2000).  The complaint was received on June 16, 2016, and the plaintiff's motion to proceed *in forma pauperis* was granted on July 12, 2016. The plaintiff named as defendants, Commissioner Scott Semple, Warden Scott Erfe,[1] Correctional Officer Avery and Correctional Officer McCauley.  The plaintiff alleges that the defendants have subjected him to cruel and unusual punishment without affording him due process.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *Id.*  In reviewing a *pro se* complaint, the court must assume the truth of the allegations,

---

[1] Plaintiff incorrectly identifies this defendant as Warden Scott Erffy.  The Court will use the correct spelling.

and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  Nevertheless, it is well-established that "pro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

## I. Allegations

The plaintiff has never been affiliated with a security risk group.  Doc. #1, ¶ 18.  From 1988 to the present, the plaintiff has been confined in a double cell with inmates affiliated with various security risk groups.  These inmates have tried to get the plaintiff to join their groups.  Doc. #1, ¶ 13.  In 1988-89, the plaintiff was housed with an inmate affiliated with a "theologically criminally oriented bully security risk group(s)."  Doc. #1, ¶ 12.  In 1997, the plaintiff was assigned as a cellmate a security risk group member who also was homosexual.  That inmate

also tried to get the plaintiff to join his group.  Doc. #1, ¶ 14.  From 1988 to the present, some of the plaintiff's cellmates have been mentally or chronically ill. Doc. #1, ¶ 15.

The plaintiff claims to suffer from mental/medical disorders that render him disabled under the Americans with Disabilities Act.  His mental illness is exacerbated when he is forced into highly social environments for extended periods.  Doc. #1, ¶ 16.  The plaintiff thinks his condition requires that he be assigned to a single cell.

On July 11, 2012, the plaintiff was assigned to a cell with Inmate Salcedo, an alleged confidential informant.  Defendant Avery searched their cell and discovered contraband allegedly belonging to Inmate Salcedo.  Rather than issuing disciplinary reports to both cellmates while an investigation was conducted, defendant Avery only issued a disciplinary report to the plaintiff.  Doc. #1, ¶¶ 17, 43-44.

On December 7, 2015, the plaintiff was assigned to a cell with a security risk group member.  Doc. #1, ¶ 19.  Beginning on December 15, 2015, defendant McCauley has subjected the plaintiff to strict special monitoring, such as daily cell searches and pat-frisks, because his cellmate is a security risk group member.  Doc. #19, ¶¶ 20-21.

## II. Discussion

The complaint primarily presents vague, conclusory statements and citations but few facts.  The plaintiff includes in the thirty-nine page complaint,

sections entitled "Comparative analysis of legal claim(s)," "Contrasting analysis of legal claim(s)," "Policy fallacy," and "Syllogism in support of legal claim(s)." He attributes his actions in 1988 and 1989 to a "pork deficiency," Doc. #1, ¶ 47, which he defines as the lack of pork or pork by-products in an individual with a Latin genotype which causes "hasty perturbances which can lead to irrational hasty decisions." Doc. #1, ¶ 85. The complaint is replete with general references to attempts by cellmates to recruit him into a security risk group. *See, e.g.,* Doc. #1, ¶ 22 ("conscription and matriculation opportunities for criminally oriented bully security risk groups"), ¶ 26 ("proselytizing conducive to conscription and matriculation"), ¶ 27 ("compelled duressed association"), ¶ 33 ("bully conscriptive environment").

Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This complaint fails to comply with Rule 8.

It appears that the plaintiff's claims are that he should be afforded a single cell to avoid confinement with security risk group members and because of his alleged disabilities. The plaintiff also alleges that he was denied due process in connection with the disciplinary charge in 2012 and is being subjected to unconstitutional conditions of confinement as a result of the frequent searches of his cell beginning in December 2015.

A.    Americans with Disabilities Act

The plaintiff alleges that he has mental/medical disorders that render him

4

disabled under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. The purpose of the ADA is "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). The statute provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132. The statute is intended "to ensure evenhanded treatment between the disabled and the able-bodied." *Doe v. Pfrommer*, 148 F.3d 73, 82 (2d Cir. 1998).

The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). When analyzing claims, "courts have been careful to distinguish impairments which merely affect major life activities from those that substantially limit those activities." *Troeger v. Ellenville Cent. Sch. Dist.*, 523 F. App'x 848, 852 (2d Cir. 2013) (citation and quotation marks omitted).

The plaintiff provides no information about his alleged disabilities. In his prayer for relief, however, he notes that he was participating in the C.C.I. Wesleyan College Program. Doc. #1, ¶ 77. Thus, his mental issues did not prevent him from participating in college courses. Nor does he identify any limitation on major life activities. Thus, the plaintiff has not shown that he has a qualifying disability.

Even if he had established a qualifying disability, the plaintiff has not

5

identified any program or activity from which he was excluded because of his disability.  Thus, the plaintiff fails to allege any facts to support a plausible ADA claim.

      B.    <u>Right to a Single Cell</u>

The plaintiff contends that he should be housed in a single cell.  Conditions of confinement in prison must meet the "minimal civilized measure of life's necessities."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  This encompasses only "adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Wolfish v. Levi*, 573 F.2d 118, 125 (2d Cir. 1978), *rev'd on other grounds sub nom. Bell v. Wolfish*, 441 U.S. 520 (1979).  Sharing a cell with another inmate does not deprive an inmate of adequate shelter and is not unconstitutional.  *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (holding that double-celling inmates did not rise to the level of a constitutional violation).  Thus, the plaintiff has no constitutional right to a single cell.

      C.    <u>Denial of Due Process re 2012 Disciplinary Report</u>

The plaintiff contends that he was denied due process regarding the 2012 disciplinary report.  This claim is time-barred.  The limitations period for filing a section 1983 action is three years.  *See Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994).  Under federal law, a cause of action accrues—and the statute of limitations begins to run—when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action.  *See United States v. Kubrick*, 444 U.S. 111, 122-24 (1979).  Although the statute of

6

limitations is ordinarily an affirmative defense, the district court "may dismiss an action *sua sponte* on limitations grounds in certain circumstances where 'the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.'"  *Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) (quoting *Leonhard v. United States*, 633 F.2d 599, 609 n.11 (2d. Cir. 1980)).

The plaintiff alleges that this incident occurred in July 2012, four years before he filed this action.  He was aware that defendant Avery issued a disciplinary report only to him on the date of the incident.  Thus, the claim is time-barred.

D.    <u>Excessive Searches</u>

The plaintiff alleges that, as a result of being housed with a security risk group member, he has been subjected to close monitoring with excessive cell searches and pat-down searches.

Prisoners have no right to be housed in comfortable surroundings. Restrictions do not violate the Eighth Amendment proscription against cruel and unusual punishment unless they are "totally without penological justification," "grossly disproportionate," or "involve the unnecessary and wanton infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).  "To the extent that such conditions are restrictive or even harsh, they are party of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347.  The plaintiff's allegations do not meet this standard.

7

The Supreme Court has held that prisoners have no constitutional protection from random cell searches conducted for any reason. *Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984). Further, a transfer among correctional facilities, or to a different cell within the facility, is not unconstitutional, even if the new cell has more disagreeable conditions or more severe rules. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). Plaintiff alleges that he was subjected to more severe rules because he was sharing a cell with a security risk group member. This is not unconstitutional. Thus, the plaintiff fails to state a plausible claim against defendant McCauley.

 E. <u>Claims against Defendants Semple and Erfe</u>

The plaintiff alleges no facts suggesting that defendants Semple or Erfe were involved in either of the specific incidents described in the complaint or violated his constitutional rights. They are not mentioned other than in the list of defendants. As the Court has determined that the plaintiff has no constitutional right to a single cell and is not being subjected to unconstitutional conditions of confinement, there is no factual basis for claims against defendants Semple and Erfe.

 F. <u>State Law Claims</u>

The plaintiff also references various state constitutional provisions and statutes. Supplemental jurisdiction is a matter of discretion. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). If the federal court dismisses all federal claims, it may decline to exercise supplemental jurisdiction over

supplemental state law claims.  28 U.S.C. § 1367(c)(3); *Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir. 2001) (collecting cases).  As the Court has determined above that the complaint fails to state any plausible federal claim, the Court declines to exercise supplemental jurisdiction over any state law claims.

ORDERS

The complaint is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1).  The plaintiff has no federal constitutional right to a single cell or to avoid the described searches.  He has stated no claims against defendants Semple or Erfe, his claim against defendant Avery is time-barred and he fails to state a plausible claim against defendant McCauley.  The Court declines to exercise supplemental jurisdiction over any state law claims.

As the Court concludes that the plaintiff cannot allege additional facts to state plausible claims against any of the defendants, leave to amend is denied. *See Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011)("Where a proposed amendment would be futile, leave to amend need not be given."); *Lumetrics, Inc. v. Bristol Instruments, Inc.*, 101 F. Supp. 3d 264, 268 (W.D.N.Y. 2015) ("An amendment is futile if the proposed amended [pleading] would be subject to immediate dismissal for failure to state a claim or on some other ground.") (internal quotation marks and citations omitted); *see also  Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000) (an amendment can be futile if the claim to be added would be barred by the applicable statute of limitations), *cert. denied*, 532 U.S. 923 (2001).

9

The Clerk is directed to enter judgment and close this case.

SO ORDERED this 8th day of December 2016, at Hartford, Connecticut.


_____/s/_____
Vanessa L. Bryant
United States District Judge